

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 17, 1972

Honorable Oscar B. McInnis
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas 78539

Opinion No. M-1119

Re: Authority of the the Jus-
tice of Peace to order
the removal of a finger
from a deceased person
for the purpose of de-
termining the identity
of such person under
Article 49.03, Code of
Criminal Procedure, and

Dear Mr. McInnis:

related questions.

Your recent request to this office for an opinion reads
as follows:

"1. Whether the Justice of the Peace may by
proper order, authorize the removal of a finger
from a deceased person for the purpose of deter-
mining the identification of such person?

"2. Whether the Justice of the Peace may
order and authorize any person other than a
County Health Officer or a duly licensed and
practicing physician trained in pathology to
remove such a finger from such deceased person
for the purpose of determining identification
of such deceased person?

"3. Whether the Justice of the Peace may
by proper order authorize a Peace Officer, who
is specially trained in identification work,
to remove a finger from a deceased person for
the purpose of determining identification of
such deceased person?"

The statute pertinent to the question is set out as fol-
lows: Article 49.03, Code of Criminal Procedure, as amended by

-5450-

House Bill No. 1354, 61st Legislature, Regular Session (1969) reads as follows:

> "The justice of the peace may in all cases call in the County Health Officer, or if there be none or if his services are not then obtainable, then a duly licensed and practicing physician, and shall procure their opinions and their advice on whether or not to order an autopsy to determine the cause of death.  If upon his own determination he deems an autopsy necessary, the justice of the peace shall, by proper order, request the County Health Officer, or if there be none or if it be impracticable to secure his service, then some duly licensed and practicing physician who is trained in pathology to make an autopsy in order to determine the cause of death, and whether death was from natural causes or resulting from violence, and the nature and character of either of them.  The county in which such autopsy and inquest is held shall pay the physician making such autopsy a fee of not more than $300, the amount to be determined by the Commissioners Court after ascertaining the amount and nature of the work performed in making such autopsy.  In those cases where a complete autopsy is deemed unnecessary by the justice of the peace to ascertain the cause of death, he may by proper order, order the taking of blood samples or any other samples of fluids, body tissues or organs in order to ascertain the cause of death or whether any crime has been committed.  In the case of a body of a human being whose identity is unknown, the justice of the peace may, by proper order, authorize such investigative and laboratory tests and processes as are required to determine the identity as well as the cause of death."
> (Emphasis added).

In Attorney General's Opinion No. M-425 (1969), this office ruled that the authority to order an autopsy is derived exclusively from the statute.

Under the last sentence of Article 49.03, Code of Criminal Procedure, the Justice of the Peace has the authority to order

investigative and laboratory tests and processes as are required to determine the identity of a body in the same manner as in ascertaining the cause of death.

We answer your first question, therefore, that a Justice of the Peace, or other officer authorized in his absence, has the authority to order the removal of a finger from a deceased person for the purpose of determining identification of such person.

In answer to the second question, Article 49.03 limits a Justice of the Peace or other proper officer to authorize only a County Health Officer or a duly licensed and practicing physician trained in pathology to make an autopsy. Attorney General's Opinion No. M-427 (1969). Therefore, the Justice of the Peace may authorize only a County Health Officer or a duly licensed and practicing physician trained in pathology to remove such finger for the purpose of determining identification of such deceased person.

Our answer to your second question requires your third question to be answered in the negative.

Our conclusion is that under Article 49.03 a Justice of the Peace or any other officer may not order anyone other than a County Health Officer or a duly licensed and practicing physician trained in pathology to take a finger from a body in order to ascertain the identity. However, the Justice of the Peace can order a peace officer or any other specially trained person in identification work to complete tests for identification purposes.

### S U M M A R Y

Under Article 49.03, Vernon's Code of Criminal Procedure, as amended by House Bill No. 1354, 61st Legislature, Regular Session (1969), a Justice of the Peace or other proper officer may not order any person other than a County Health Officer or a duly licensed and practicing physician trained in pathology to take a finger from a body in order to ascertain identity. After the removal, the Justice of the Peace can order any person specially

trained in identification work to complete tests to determine identity.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Darden
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Herschel T. Moore
Linward Shivers
Lynn Taylor
Jim Swearingen

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant